1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN EDWARD MITCHELL,                 2:25-cv-1380-CKD P

12                Plaintiff,

13        v.                               ORDER

14   R. BROOMFIELD, et al.,

15                Defendants.

16

17        Plaintiff John Edward Mitchell, a state prisoner, proceeds without counsel under 42

18   U.S.C. § 1983. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. §

19   636(b)(1). Plaintiff's complaint, request for a court order,[1] and motion to stay are before the

20   court. (ECF Nos. 1, 5, 6.)

21        For the reasons set forth below, plaintiff's request to stay proceedings is denied. The court

22   has screened the complaint and finds it states First Amendment free exercise claims and

23   Fourteenth Amendment equal protection claims against defendants Safanov and Ross in claims

24   one and three. No other claims are stated. Plaintiff may proceed on these claims or plaintiff may

25   file an amended complaint under the guidelines set forth below.

26   _____

27   [1] On June 30, 2025, plaintiff filed a request for "a court order for the [filing] fees and or the
     applications for [In] Forma Pauperis." (ECF No. 15.) On July 15, 2025, plaintiff paid the filing

28   fee. Accordingly, the request for a court order is denied as moot.

                                          1

1

## I. Screening Requirement

2      The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

7

## II. Plaintiff's Allegations

8      Adhering to the kosher diet "is rooted in [plaintiff's] religious belief" and is the only diet

9  provided by CDCR that meets his religious dietary requirements. (ECF No. 1 at 6.) Plaintiff has

10  previously litigated his First Amendment free exercise rights. (Id. at 6.)

11      While plaintiff was temporarily housed at Mule Creek State Prison ("MCSP") in

12  administrative segregation, a non-kosher sausage item was inadvertently ordered on his canteen

13  list and he donated the item to an officer. (ECF No. 1 at 6.) Within a couple of days, defendant M.

14  Safanov informed plaintiff he would be getting a violation of religious diet rules chrono. (Id.)

15      On March 15, 2024, plaintiff purchased an item with the 'H' symbol for halal but without

16  the 'K' symbol for kosher. (ECF No. 1 at 7.) Such items are allowable for a Muslim to consume,

17  unless on the kosher diet. (Id.) Defendant Jason Ross issued plaintiff a "Notice of Non-

18  Compliance" of the Religious Diet Program. (Id.)

19      In April 2024, plaintiff told defendant Safanov the halal sausage was listed on the Canteen

20  list with a "K" and Safanov stated "I know that, buy it at your own risk, there is an audit." (ECF

21  No. 1 at 7-8.) Safanov told plaintiff the kosher diet was for Jewish people and not Muslim

22  inmates and offered plaintiff the halal diet, which plaintiff rejected. (Id. at 7.)

23      In May 2024, plaintiff received a CDC 128 B signed by defendants Safanov and Ross as

24  "2nd notice: Removal From Religious Diet Program." (ECF No. 1 at 8.) Safanov said he was

25  supposed to "crack down" on too many people getting the kosher diet and costing a lot of money.

26  (Id.) From May 10, 2025, to August 30, 2025, plaintiff did not receive kosher meals. (Id. at 10.)

27      Plaintiff believes CDCR's Director and Secretary ordered an audit to find reasons to

28  remove inmates from the Kosher Diet Program because of the high cost. (ECF No. 1 at 8 & 16.)

1  The audit came down to MCSP through the Warden and resulted in plaintiff no longer receiving a

2  kosher diet. (Id.)

3       On August 30, 2024, defendant Safanov forced plaintiff to sign a new kosher diet contract

4  in order to be on the Kosher Diet Program. (ECF No. 1 at 9.) The new contract prohibited giving

5  away kosher food. (Id.)

6       On September 16, 2024, plaintiff handed a claim to defendant Castillo to be mailed to the

7  state claims board. (ECF No. 1 at 9.) Plaintiff later found out no legal mail went out around that

8  time. (Id. at 10.) Defendant Stoer falsely claimed an interview was held with plaintiff on the

9  matter, but that interview was regarding a different topic. (Id.) Stoer allegedly did this to cover up

10  Castillo's actions. (Id. at 17.)

11       Plaintiff brings four claims as follows: First Amendment (Claim One); Custom, Policy or

12  Practice of Deliberate Indifference (Claim Two); Equal Protection (Claim Three); and Conspiracy

13  to Violate Plaintiff's Constitutional Rights (Claim Four). (ECF No. 1 at 11-17.) Plaintiff seeks

14  damages. (Id. at 18.)

15  **III.    Screening the Complaint**

16       **A. No Official Capacity Claims**

17       Plaintiff seeks damages and does not seek prospective injunctive relief. State officials

18  sued in their official capacities for damages are not amenable to suit under 42 U.S.C. § 1983.

19  Arizonans for Official English v. Ariz., 520 U.S. 43, 69 n.24 (1997). Accordingly, plaintiff states

20  claims against the defendants only in their individual capacities.

21       **B. First Amendment Free Exercise**

22       Prisoners "retain protections afforded by the First Amendment, including its directive that

23  no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342,

24  348 (1987) (citation omitted). To state a claim under the Free Exercise Clause, an inmate must

25  plausibly allege a prison official's actions (a) substantially burdened the inmate's exercise of a

26  sincerely held religious belief; and (b) did so in an unreasonable manner. See O'Lone, 482 U.S. at

27  348-50; Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015).

28  ////

1       A prison official's refusal to provide a kosher meat diet to a Muslim inmate can implicate

2    the Free Exercise Clause. See Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008). Plaintiff

3    states a potential First Amendment right to free exercise claim against defendants Ross and

4    Safavov in claim one.

5              **C.  Equal Protection**

6       The Equal Protection Clause of the Fourteenth Amendment essentially directs that all

7    persons similarly situated should be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr.,

8    473 U.S. 432, 439 (1985). In order to state a Section 1983 equal protection claim, a plaintiff must

9    allege he was treated differently from others who were similarly situated without a rational basis

10    or discriminated against based on his membership in a protected class. See Serrano v. Francis,

11    345 F.3d 1071, 1082 (9th Cir. 2003) (stating the requirements for Section 1983 equal protection

12    claim based on membership in a protected class); Vill. of Willowbrook v. Olech, 528 U.S. 562,

13    564 (2000) (per curiam) (setting forth the standard for a "class of one" equal protection claim).

14       Plaintiff alleges the intentional decision by defendants Ross and Safanov to remove him

15    from the Kosher Diet Program constituted discrimination which occurred because of his

16    membership in a protected class as Muslim and Black and against plaintiff as a class of one. (ECF

17    No. 1 at 14-15.) Plaintiff states a potential Fourteenth Amendment equal protection claim against

18    defendants Ross and Safavov in claim three.

19              **D.  No Other Claims Stated**

20                 **1.  Liability based on Custom \ Policy \ Practice**

21       Plaintiff does not state a potential claim for a pattern, custom or policy of deliberate

22    indifference in claim two. First, plaintiff indicates by footnote that defendants Safanov and Ross

23    are included in this claim, but the complaint alleges those defendants were not responsible for the

24    alleged policy of conducting an audit to remove inmates from the Kosher Diet Program.

25       Second, none of the supervisory defendants are alleged to have been personally involved

26    in or otherwise to have caused the incidents which allegedly violated plaintiff's constitutional

27    rights. See Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007)

28    ("Although there is no pure respondeat superior liability under § 1983, a supervisor is liable for

1    the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of

2    the violations [of subordinates] and failed to act to prevent them.'"); Starr v. Baca, 652 F.3d 1202,

3    1207 (9th Cir. 2011) (supervisory liability under § 1983 attaches "if there exists either (1) his or

4    her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

5    between the supervisor's wrongful conduct and the constitutional violation."). Plaintiff's bare

6    allegations that the individual supervisor defendants had a policy to conduct an audit and remove

7    inmates from the kosher diet and that the policy amounted to deliberate indifference does not

8    suffice to state a claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague

9    and conclusory allegations concerning the involvement of supervisory personnel in civil rights

10   violations are not sufficient); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007)

11   ("naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

12   of action" do not suffice to state a claim).

13                          **2.  Conspiracy**

14        In claim four, plaintiff alleges the defendants conspired to violate his First Amendment

15   free exercise and Fourteenth Amendment equal protection rights by removing him from the

16   kosher diet and conspired to prevent him from exhausting pre-suit remedies for state law claims.

17   (ECF No. 1 at 16-17.) The allegations do not state a claim for conspiracy to violate plaintiff's

18   constitutional rights. See Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)

19   (citation omitted) (a section 1985(3) claim requires "four elements: (1) a conspiracy; (2) for the

20   purpose of depriving, either directly or indirectly, any person or class of persons of the equal

21   protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in

22   furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or

23   deprived of any right or privilege of a citizen of the United States.").

24        Merely alleging that the various defendants took certain acts which were in furtherance of

25   a conspiracy does not suffice. See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir.

26   1989) (conclusory allegations of conspiracy do not state a claim); To state a conspiracy claim, a

27   plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.'"

28   Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted). The court need not accept

1   as true "allegations that... are merely conclusory, unwarranted deductions of fact, or unreasonable

2   inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), amended on other

3   grounds, 275 F.3d 1187 (9th Cir. 2001).

4   **IV.    Motion to Stay**

5       On July 18, 2025, plaintiff filed a "Request for a Stay of Proceedings…" asking the court

6   to stay this action. (ECF No. 6 at 1.) Plaintiff states he is seeking habeas corpus relief challenging

7   a false rules violation report issued at MCSP issued in retaliation and in furtherance of a

8   conspiracy to violate his rights. (Id. at 2.) Plaintiff states "the claims are all interrelated." (Id.)

9       "A district court has discretionary power to stay proceedings in its own court." Lockyer v.

10  Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005). Here, plaintiff may be attempting to complete

11  pre-suit steps for additional civil rights claims, but the mere nature of the claims as "interrelated"

12  fails to suggest the present case should be stayed. Under the circumstances, the competing

13  interests that would be affected by a stay do not weigh in favor of a stay. See CMAX, Inc. v. Hall,

14  300 F.2d 265, 268 (9th Cir. 1962). The request for a stay of proceedings is denied.

15  **V.    Leave to Amend**

16      Plaintiff may proceed on the claims stated or plaintiff may file an amended complaint. See

17  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff must complete and return to the

18  court the attached notice along with any optional amended complaint. This opportunity to amend

19  is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605,

20  607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without

21  reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). An amended

22  complaint should be titled "First Amended Complaint" and should reference the case number.

23      If, instead, plaintiff chooses to proceed on the claims stated, the court will construe the

24  choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule

25  41(a)(1)(i) of the Federal Rules of Civil Procedure. Then the court will send plaintiff the

26  necessary forms for service of the complaint on defendants Safanov and Ross.

27  ////

28  ////

6

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

You may proceed against defendants Safanov and Ross on claims one and three or file an amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

**VII.    Conclusion**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's request for a court order (ECF No. 5) is DENIED as moot.

2.  Plaintiff's request for a stay of proceedings (ECF No. 6) is DENIED.

3.  Plaintiff's complaint states claims under 42 U.S.C. §1983 against defendants Safanov and Ross in their individual capacities for violations of plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection rights (claims one and three); plaintiff may proceed on these claims or file an amended complaint.

4.  Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

5.  Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  October 31, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mitc1380.scrn.elect

7

1                           UNITED STATES DISTRICT COURT

2                       FOR THE EASTERN DISTRICT OF CALIFORNIA

3

4    JOHN EDWARD MITCHELL,                    2:25-cv-1380 CKD P

5              Plaintiff,

6         v.                                  NOTICE OF ELECTION

7    R. BROOMFIELD, et al.

8              Defendants

9

10   Check **one**:

11

12   _____    Plaintiff wants to proceed on the complaint as screened with claims one and three against

13           defendants Safanov and Ross. Plaintiff understands that by choosing to proceed on these

14           claims, the court will construe this as a request to voluntarily dismiss the other claims

15           and defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

16

17   ____    Plaintiff wants to amend the complaint.

18

19

20

21   DATED:_____              _____
                                              Plaintiff
22

23

24

25

26

27

28
                                        8